

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5815

Re: Under the given facts is
Dairy Investments, Inc.,
of San Antonio, liable
for delinquent ad valorem
taxes for 1942 and 1943?

Your request concerning the above subject matter is as follows:

"I am attaching hereto letter received by this department from Southwest Dairy Products Co., of San Antonio.

"Since there is some conflict with the views of this department and that of the District Attorney of Bexar County, I shall thank you to advise this department the correct reply to give to this attached letter."

The material portions of the letter enclosed in your letter are as follows:

"Dairy Investments, Incorporated, was organized in order to meet the technical requirements of the Insurance Department in connection with the organization of Southwest Lloyds. At the time of the organization of this Lloyds, $120,000 par value of the 5 percent bonds of Dairyland, Incorporated, maturing 1946, were tendered as the guaranty fund for the Lloyds. The Insurance Department refused this tender; reason that the value of the real estate securing these bonds did not meet the legal requirements for investment of the funds of the Lloyds, although there was

ample security back of the bonds, in machinery and equipment and other personal property.

"Under the provisions of the law, as it then read, the Common Stock of a solvent, dividend-paying corporation was eligible for the guaranty fund of the Lloyds; therefore, we organized Dairy Investments, Incorporated, using as its Capital Stock $129,000 in bonds of Dairyland, Incorporated, plus $1,000 in cash. The bonds of Dairyland, Incorporated have now been called and in lieu of these bonds, Dairy Investments now has a mortgage upon the Fort Worth plant of the dairy companies. The Insurance Department agreed with this substitution and I think we have convinced them that the security back of the $130,000 note is, now, even better than it was when Dairy Investments owned Dairyland, Incorporated bonds.

"At any rate, you can see that there was no property created by the organization of Dairy Investments. We were theretofore paying taxes on the property securing the bonds of Dairyland, Incorporated and we have continued to do so ever since then; and since the substitution of the first mortgage on the Fort Worth plant of the Company, we have, of course, continued to pay taxes upon the Fort Worth plant of the Company."

The issue raised is whether Dairy Investments, Inc. owes ad valorem taxes on said bonds and mortgage note.

Article VIII, Section 1 of the Texas Constitution provides in part as follows:

"Taxation shall be equal and uniform. All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law."

Article 7145, R. S., provides:

"All property, real, personal or mixed, except such as may be hereinafter expressly ex-

Honorable Geo. H. Sheppard, p. 3

empted, is subject to taxation, and the same shall
be rendered and listed as herein prescribed."

Article 7147, R. S., provides:

"Personal property, for the purposes of taxa-
tion, shall be construed to include all goods,
chattels and effects, and all moneys, credits,
bonds and other evidences of debt owned by citizens
of this State, whether the same be in or out of the
State; all ships, boats and vessels belonging to
inhabitants of this State, if registered in this
State, whether at home or abroad, and all capital
invested therein; all moneys at interest, either
within or without the State, due the person, to be
taxed over and above what he pays interest for,
and all other debts due such person over and above
his indebtedness; all public stock and securities;
all stock in turn-pikes, railroads, canals and other
corporations (except national banks) out of the
State, owned by inhabitants of this State; all per-
sonal estate of moneyed corporations, whether the
owners thereof reside in or out of this State, and
the income of any annuity, unless the capital of
such annuity be taxed within this State; all shares
in any bank organized or that may be organized under
the laws of the United States; all improvements
made by persons upon lands held by them, the title
to which is still vested in the State of Texas, or
in any railroad company, or which have been exempt-
ed from taxation for the benefit of any railroad
company, or any other corporation whose property is
not subject to the same mode and rule of taxation
as other property."

Article 7149 defines the word "credits" to mean and in-
clude "every claim and demand for money or other valuable thing,
and every annuity or sum of money receivable at stated periods,
due or to become due, and all claims and demands secured by deed
or mortgage, due or to become due."

Honorable Geo. H. Sheppard, p. 4

The law is well settled that bonds and notes are considered as "property" for the purpose of taxation under said statutes. Guaranty Life Insurance Company vs. City of Austin, 190 S. W. 189 (Sup. Ct.); Hall vs. Miller, 115 S. W. 1168 (Sup. Ct.); City of Abilene vs. Fryar, 143 S. W. (2d) 654, 657; Texas Land and Cattle Company vs. City of Fort Worth, 73 S. W. (2d) 860, appeal dismissed 295 U. S. 718, rehearing denied 295 U. S. 769; 26 R. C. L. 138.

The authorities on the subject are almost unanimous in favor of the "well-established rule, upheld or recognized in numerous cases, that to tax the debt secured by a mortgage or other lien on real estate and also the real estate at its full value is not double taxation." 122 A. L. R. 743 and cases there cited. See also 40 Tex. Juris. 94.

In Primm vs. Fort, 57 S. W. 86, 91, writ of error refused, the Court said:

"In many instances, if not as a general rule, when credits are taxed, the result is duplicate taxation. For instance, when property is sold on credit, the purchaser is required to pay taxes on it, regardless of the fact that it is not paid for, and the seller is required to pay taxes upon the amount of the debt owing to him by the purchaser. Now, while such taxation is not illegal, it is, in a sense, double taxation; and it is for this reason, and to mitigate to some extent this hardship, that the revenue laws of many states permit taxpayers to deduct the debts owing by them."

In connection with the incorporation of Dairy Investments, Inc., an affidavit was filed by the incorporators with the Secretary of State in accordance with Article 1308, R. S., to the effect that "the full amount of the capital stock with par value to be issued by said company, namely: $130,000.00, has been in good faith subscribed and $1,000.00 thereof has been paid for in cash, and $129,000.00 in property of the following description: (Here follows a description of the $129,000.00 in bonds)." It would, in our opinion, be inconsistent to hold that said bonds

Honorable Geo. H. Sheppard, p. 5

were "property" in order to effect a valid incorporation of said company, but to deny they were "property" for tax purposes.

In the recent case of City of Wichita Falls vs. Cooper, 170 S. W. (2d) 777, 780, writ of error refused, the Court said:

"It is clear to us that it was intended by the framers of our Constitution that all property should be subject to taxation, upon an equal and uniform basis for the purpose of defraying the governmental expense, with the exception only of such property as that document specifically exempts therefrom and such as the Legislature shall, under Constitutional restrictions, by explicit language, declare to be exempt.

"It is the universal rule in this state that the Constitution has definitely provided for every form of exemption of property from taxation; that if an exemption is so made it cannot be enlarged upon either by the Legislature or by the courts. Some courts have gone far enough to say that if there is a reasonable doubt as to the meaning of the Constitution in matters of exemptions, the doubt will be resolved against the exemption, for exemptions from taxation are not favored by the Constitution nor by the Courts in their construction. City of Dallas vs. Cochran, Tex. Civ. App., 166 S. W. 32, writ refused; Jones vs. Williams, 121 Tex. 94, 45 S. W. 2d 130, 79 A.L.R. 983."

Since, in our opinion, no grounds exist in this case upon which an exemption could be predicated, we hold that Dairy Investments, Inc., is liable for ad valorem taxes on the bonds and mortgage indebtedness owned by said corporation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

J. Arthur Sandlin
Assistant

JAS:bb

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN